```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


GRAYBAR ELECTRIC COMPANY,          )
                                   )
            Plaintiff,             )
                                   )
     v.                            )     No. 4:11 CV 953 DDN
                                   )
CONSTRUCTION SERVICES AND          )
INFORMATION, INC.,                 )
                                   )
            Defendant.             )
```

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendant Construction Services and Information, Inc., to dismiss or transfer. (Doc. 11.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 10.) Oral arguments were heard on September 9, 2011.

**I.   BACKGROUND**

This action arises out of a dispute over the ownership of and fees related to SpeedyQuote, a computer program. On March 24, 2011, plaintiff Graybar Electric Company commenced this action seeking a declaratory judgment that it did not infringe upon defendant Construction Services and Information's purported copyright in SpeedyQuote; that it does not owe defendant any outstanding consulting fees related to SpeedyQuote; and that it is a co-owner of SpeedyQuote. (Doc. 1 at ¶ 6.)

According to the complaint, plaintiff specializes in supply chain management services and the distribution of high quality components, equipment, and materials related to the electrical and telecommunications industries. (Id. at ¶ 7.) Defendant is in the business of providing project management software applications to various members of the construction industry. (Id. at ¶ 8.)

Plaintiff alleges that in January, 2009, defendant offered to install a stand-alone version of SpeedyQuote in plaintiff's Cleveland, Ohio office. (Id. at ¶ 9.) Plaintiff paid a $250 licence fee to use

SpeedyQuote in its Cleveland office, and an additional $1,750 for customization and training services.  (Id. at ¶ 10.)

During the time when plaintiff used SpeedyQuote in its Cleveland office, plaintiff suggested ways of how to improve SpeedyQuote to defendant.  (Id. at ¶ 11.)  Defendant adopted the changes and integrated them into the now-existing version of SpeedyQuote.  (Doc. 1 at ¶ 11.)

Also during this time, defendant proposed that plaintiff purchase and use SpeedyQuote at its district and enterprise levels.  (Id. at ¶ 12.)  Plaintiff did not agree to any of these proposals, nor did plaintiff authorize the payment of any consulting fees to defendant concerning these proposals.  (Id. at ¶ 13.)  Plaintiff informed defendant that a widespread implementation of SpeedyQuote would first need to be approved by plaintiff's information technology division, which would rigorously test and evaluate the program.  (Id. at ¶ 14.)  Plaintiff subsequently told defendant that its information technology division had rejected the SpeedyQuote proposal on both the enterprise-wide and district-wide levels.  (Id. at ¶ 15.)

Plaintiff did not use SpeedyQuote beyond the extent it was authorized to do so in its Cleveland office.  (Id. at ¶ 16.)  In that regard, plaintiff has not copied, sold, offered to sell, transferred, advertised, or otherwise used SpeedyQuote.  (Doc. 1 at ¶ 16.)

In December, 2010, defendant terminated plaintiff's license to use SpeedyQuote in its Cleveland office.  (Id. at ¶ 17.)  On March 15, 2011, one of defendant's employees, Carl Paul Bouchard, filed a copyright application for "SpeedyQuote" and "QuoteBuster" with the United States Copyright Office.  (Id. at ¶ 18.)  In his application, Bouchard listed the date of first publication as November 13, 1996, identified himself as the sole author and owner, and listed a service request number for the application as 1-582237401.  (Id.)

In a recent correspondence to plaintiff, defendant contended that plaintiff knowingly duplicated SpeedyQuote into plaintiff's own quotation process software, without defendant's consent.  (Id. at ¶ 19.)  Defendant also wrote that plaintiff infringed upon defendant's copyright in SpeedyQuote, and as a result, defendant was entitled to compensation, an injunction prohibiting plaintiff from using or selling SpeedyQuote, and

impoundment or destruction of all of plaintiff's infringing materials. (Id. at ¶¶ 19, 21.) Also in this correspondence, defendant asserted that plaintiff owed $853,100 for consulting services related to plaintiff's use of SpeedyQuote. (Doc. 1 at ¶ 20.)

In Count I, plaintiff seeks a declaratory judgment that it has not infringed defendant's copyright in SpeedyQuote. (Id. at ¶¶ 22-25.) In Count II, plaintiff seeks a declaratory judgment that it does not owe defendant fees for licensing, training, or customization services. (Id. at ¶¶ 26-29.) In Count III, plaintiff seeks a declaratory judgment that it is an author and co-owner of Speedyquote, and, therefore, is entitled to an accounting of profits from defendant. (Id. at ¶¶ 29-32.)

## II. MOTION TO DISMISS OR TRANSFER

Defendant moves to dismiss plaintiff's complaint and, alternatively, moves to transfer this action to the United States District Court for the Western District of Missouri. Defendant argues that dismissal is proper because plaintiff commenced this declaratory judgment action shortly after defendant gave notice of its intention to file suit. Defendant also argues that dismissal is proper because the court lacks subject matter jurisdiction over this action. (Doc. 11.)

Plaintiff responds that before it commenced this suit, it sought information from defendant concerning defendant's allegations, and that it commenced this action only after defendant failed to cooperate. Plaintiff also responds that this court has subject matter jurisdiction and that this action was filed before the state court suit. (Doc. 14.)

Defendant replies that it put plaintiff on notice of its intention to file suit, after which plaintiff raced to file a declaratory judgment action before defendant filed suit. Defendant also replies that plaintiff's claims do not "arise under" federal law, and thus, the court does not have subject matter jurisdiction over this action. (Doc. 20.)

## III. DISCUSSION

**A. Subject Matter Jurisdiction**

In its complaint, plaintiff asserts the court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367. Defendant argues

that the court does not have subject matter jurisdiction because plaintiff's claims arise under state law, not federal law.

In Count I of its complaint, plaintiff seeks a declaratory judgment that it did not infringe on defendant's purported copyright in SpeedyQuote. (Doc. 1 at ¶¶ 22-25.) The determination of whether a party infringed upon another party's copyright is governed by federal law. 17 U.S.C. § 501; Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc., 991 F.2d 426, 428 (8th Cir. 1993) ("The Copyright Act provides the exclusive source of protection for all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." (citation omitted)). As recently noted by the Supreme Court, "[f]ederal district courts have subject-matter jurisdiction over copyright infringement actions based on 28 U.S.C. §§ 1331 and 1338." Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1246 (2010).

Moreover, in Count III, plaintiff seeks a declaratory judgment that it co-owns SpeedyQuote. (Doc. 1 at ¶¶ 29-32.) Disputes concerning copyright ownership "arise under" federal law, specifically, the Copyright Act, 17 U.S.C. § 201 (copyright ownership). See, e.g., Severe Records, LLC v. Rich, ___ F.3d ___, 2011 WL 4425420, at *10 (6th Cir. Sept. 13, 2011) ("All of the federal circuit courts of appeal that have addressed the issue . . . agree that a determination of copyright ownership based on a disputed allegation of co-authorship presents a federal question that arises under, and must be determined according to, the Copyright Act.") (citation omitted); Merchant v. Levy, 92 F.3d 51, 55 (2d Cir. 1996) ("Plaintiffs' action seeking to establish their rights to copyright co-ownership because of their status as co-authors of a joint work falls well within [§ 1338's] jurisdictional bounds.").

Therefore, because Counts I and III arise under federal law, i.e. the Copyright Act, the court has subject matter jurisdiction over this action.

**B. Abstention**

Generally, the pendency of parallel state court proceedings is no bar to proceedings concerning the same subject matter in a federal court having jurisdiction. See Moses H. Cone Mem. Hosp. v. Mercury Constr.

Corp., 460 U.S. 1 (1983); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). However, if the federal litigation is an action for declaratory judgment, the district court "has broad discretion to abstain from exercising jurisdiction" in favor of the state court proceedings. Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008). This principle stems from the discretionary language of the Declaratory Judgment Act: "any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added). Abstention is more favored in a declaratory judgment action because it is often "'uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where' a parallel state court proceeding is pending." Royal Indem Co., 511 F.3d at 793 (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)).[1]

Before determining whether abstention is warranted, the court must determine whether the concurrent proceedings are parallel. Fru-Con Const. Corp. v. Controlled Air, Inc., 574 F.3d 527, 535 (8th Cir. 2009). Proceedings are parallel if they bear "a substantial similarity" and there is "a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." Id.

In its state court petition, defendant alleges that plaintiff: (1) owes $853,100 in unpaid consulting fees; (2) breached the parties'

---

[1]Although the parties focus their arguments on the "first to file" rule, this rule controls when parallel actions are commenced in different federal district courts, not in state court and a federal district court. Am. Bankers Life Assurance Co. of Fl. v. Overton, 128 Fed. App'x 399, 403 (5th Cir. 2005) (per curiam); In re DPL, Inc., Sec. Litig., 285 F. Supp. 2d 1053, 1057 (S.D. Ohio 2003); Pragmatic Software Corp. v. Antrim Design Sys., Inc., No. Civ. 02-2595 (JRT/FL), 2003 WL 244804, at *3-4 (D. Minn. Jan. 28, 2003). The "first to file" determination is only a factor to consider when contemplating abstention in favor of a parallel state court action. Smart v. Sunshine Potato Flakes, LLC, 307 F.3d 684, 686-87 (8th Cir. 2002) (recognizing that the "first filed rule" is only a "factor" when contemplating abstention in favor of a pending state court action); BASF Corp. v. Symington, 50 F.3d 555, 559 (8th Cir. 1995); Organic Meat Co. v. J.F. O'Neill Packing Co., Inc., No. 8:06CV585, 2007 WL 1291103, at *4 (D. Neb. Mar. 20, 2007).

license agreement by duplicating and incorporating SpeedyQuote[2] into plaintiff's software; (3) fraudulently induced defendant to provide the unpaid consulting services; (4) was unjustly enriched by appropriating SpeedyQuote; and (5) misappropriated trade secrets related to SpeedyQuote. (Doc. 11-3.) In this action, plaintiff seeks declaratory judgments: (1) that it did not infringe upon defendant's purported copyright in SpeedyQuote; (2) that it does not owe $853,100 in unpaid consulting service fees; and (3) that it co-owns SpeedyQuote. (Doc. 1.)

Resolution of the state court action would not entirely dispose of this action. Defendant's state court allegations do not concern whether defendant has a valid copyright in SpeedyQuote, whether plaintiff infringed that copyright, or whether plaintiff co-owns SpeedyQuote, all of which are implicated in this action. Thus, the proceedings are not parallel.

Assuming, however, that the state court action is parallel to this case, and, therefore, that the more lenient parallel-proceedings factors apply, abstention would still be improper.[3] "[F]or a district court to have discretion to abstain in a proceeding under the Declaratory Judgment Act, the parallel state court proceeding must present 'the same issues, not governed by federal law,[4] between the same parties,' and the court

---

[2]Although not specified in the state court petition, the "CSI Software" at issue in the state court action is presumably the same software at issue in this action, SpeedyQuote.

[3]If the proceedings are not parallel, the court should apply the stringent six-factor test adopted in <u>Scottsdale Ins. Co. v. Detco Indus., Inc.</u>, 426 F.3d 994, 998 (8th Cir. 2005) (contemplating abstention in non-parallel declaratory judgment action); if the proceedings are parallel, the court should apply the lenient approach from <u>Royal Indem. Co.</u>, 511 F.3d 788, 792 (8th Cir. 2008) (contemplating abstention in parallel declaratory judgment action). <u>Fru-Con Const.</u>, 574 F.3d at 542 n.11 (Shepherd, J., dissenting).

[4]It is unclear whether the "governed by federal law" determination is a dispositive threshold determination or merely a factor to weigh when considering abstention. Compare <u>Fru-Con Const.</u>, 574 F.3d at 538 (holding that federal law governed the issue "defeat[ed] parallelism") <u>with</u> <u>Royal Indem. Co.</u>, 511 F.3d at 796 (classifying this determination as a "factor" is considering abstention). Because abstention is not warranted
(continued...)

must evaluate whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.'" Royal Indem. Co., 511 F.3d at 793 (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)); see also United Fire & Cas. Co. v. Lewis, No. 10-0270-CV-W-REL, 2011 WL 4352547, at *2 (W.D. Mo. Sept. 16, 2011) (applying this test in a declaratory judgment action when considering whether to abstain in favor of state court proceedings). The court should also consider which case was filed first and which case has made more progress. BASF Corp. v. Symington, 50 F.3d 555, 559 (8th Cir. 1995).

The sum of these factors weighs in favor of proceeding with this action. As discussed above, this action raises different issues than those raised in the state court action and many of the issues in this action are governed by federal law. As such, adjudication of the state court action will not resolve all of plaintiff's claims in this action. These factors weight heavily against abstention. See Evanston Ins. Co. v. Johns, 530 F.3d 710, 712 (8th Cir. 2008) ("The key consideration for the district court is to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court in light of the scope and nature of the pending state court proceeding." (citation omitted)); Cincinnati Indem. Co. v. A&K Const. Co., 542 F.3d 623, 625 (8th Cir. 2008) (stating that for abstention to be proper in a declaratory judgment action having simultaneous state court proceedings, "[t]he issues cannot be governed by federal law"); Cedar Rapids Cellular Tel., L.P. v. Miller, 280 F.3d 874, 879 (8th Cir. 2002) (noting that whether federal law controlled most of the claims was a "major consideration" against abstention).

Although the parties are the same, all necessary parties are joined, and all parties have been served, this action was filed nearly two months before the state court action and has presumably made the same, if not more progress as the state court action. Compare Doc. 1 with Doc. 11-3.

---

⁴(...continued)
regardless, this issue need not be resolved.

While the instant action is a declaratory judgment action and plaintiff was put on notice of defendant's intention to commence proceedings in state court,[5] defendant did not bring the state court action for almost two months after plaintiff commenced this action. In addition, plaintiff did not file this action until four days after the expiration of the last deadline given by defendant. (Doc. 14-3.)

Based on the foregoing, dismissal or stay of the instant action in favor of the state court proceedings is not warranted.

## C. Other Dismissal Arguments

At the hearing, defendant also challenged the factual and legal sufficiency of plaintiff's allegations regarding its copyright ownership claim, Count III. In its motion to dismiss, defendant challenged only whether the court has subject matter jurisdiction over this action; the parties have not filed memoranda regarding the legal sufficiency of plaintiff's complaint. Compare Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) with Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). At this time, defendant's arguments are not sufficiently developed for the court to review the factual and legal sufficiency of plaintiff's complaint.

## D. Motion to Transfer

Defendant alternatively moves to transfer this action to the United States District Court for the Western District of Missouri. Defendant does not sufficiently explain why transfer to the Western District would be more convenient for the parties and witnesses or otherwise serve the interests of justice. 28 U.S.C. § 1404(a). Thus, defendant has not demonstrated entitlement to transfer.

At the hearing, defendant also argued for dismissal based on *forum non conveniens*. The parties have not submitted evidence or memoranda

---

[5]These are both "red flags" identified by the Eighth Circuit, the presence of which may indicate compelling circumstances to deviate from the normal "first to file" rule. Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1007 (8th Cir. 1993). Because this rule is not controlling in this action, these "red flags" are also not controlling.

regarding this issue.  The doctrine of *forum non conveniens* is to be applied only in those "exceptional circumstances" where the balance of private- and public-interest factors "is strongly in favor of the defendant." K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 597-98 (8th Cir. 2011); see id. at 597 (discussing private- and public-interest factors).  Based on the current evidentiary record, defendant's argument cannot be substantively addressed at this time.

## IV.  CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant Construction Services and Information, Inc., to dismiss or transfer (Doc. 11) is denied.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 3, 2011.